

Leslie A. Cohen, Esq. (SBN: 93698)
leslie@lesliecohenlaw.com
J'aime K. Williams, Esq. (SBN 261148)
jaime@lesliecohenlaw.com
Brian A. Link, Esq. (SBN 275683)
brian@lesliecohenlaw.com
LESLIE COHEN LAW, PC
506 Santa Monica Blvd., Suite 200
Santa Monica, CA 90401
Telephone:  (310) 394-5900
Facsimile:  (310) 394-9280

Attorneys for Debtor in Possession

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| *In re* | Case No.  2:15-bk-15952-DS |
| FRED MATTHEW ADELMAN | Chapter 11 |
| Debtor and Debtor in Possession | **APPLICATION OF DEBTOR AND DEBTOR IN POSSESSION TO EMPLOY HINSHAW & CULBERTSON LLP AS SPECIAL COUNSEL; DECLARATION OF JOHN W. SHELLER** |
| | Date: August 12, 2015 Time: 2:00 p.m. Courtroom: 1339 |

TO THE HONORABLE DEBORAH SALTZMAN, UNITED STATES BANKRUPTCY JUDGE; THE OFFICE OF

THE UNITED STATES TRUSTEE:

Fred Adelman, the individual debtor and debtor-in-possession in the above-captioned Chapter 11

case ("Applicant" or "Debtor"), hereby files this application to employ Hinshaw & Culbertson LLP (the "Firm" or

"Hinshaw") as special counsel for the Debtor on the terms and conditions described below, effective 30 days

prior to the filing of this Application.  In support of this Application (the "Application"), Debtor respectfully

alleges as follows:

1.  Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Bankruptcy Code ("Code") on April 16, 2015 (the "Petition Date") commencing this reorganization case in the United States Bankruptcy Court for the Central District of California (the "Bankruptcy Court" or "Court").[1]

2.  Applicant manages and operates his estate as a debtor-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.  As of this filing, no trustee or examiner has been appointed in Debtor's case.

3.  Applicant proposes to employ the Firm as special counsel at the expense of the estate.

4.  Pre-petition the Debtor incurred a number of debts relating to certain state court litigation entitled *Watermill Flying Point Trust, etc v. Sheppard Concrete Construction, et al.* (case number BC422563) (the "State Court Action").  The Debtor believes it is necessary and in the best interest of the estates to employ special counsel to perform specific tasks necessary to navigate the State Court Action, with a view towards minimizing liabilities and maximizing recoveries to creditors in this case.  The services to be performed by the Firm include but are not limited to representing the Debtor in the State Court Action on post-trial motions and in connection with the appeal of the State Court action, and working with and advising the Debtor and Debtor's bankruptcy counsel.  As such, the Debtor is seeking to employ the Firm as his special counsel pursuant to the engagement agreement attached hereto as Exhibit A.

5.  The Firm is well-regarded national law firm composed of attorneys who specialize in litigation, corporate and business law, environmental, labor and employment law, and professional liability defense, and is well qualified to represent Applicant.  All attorneys associated with the Firm who will render services in this case are duly admitted to practice law in the Courts of the State of California and in the United States District Court for the Central District of California.  In particular, one of the Firm's partners, John W. Sheller, the individual at the Firm who will primarily handle this matter, has a wide range of experience in litigation (including professional liability and complex torts, as well as appeals) and attendant negotiations.  Additional information on the Firm can be found online at http://www.hinshawlaw.com.

---

[1] Unless otherwise noted, all statutory references refer to the U.S. Bankruptcy Code, 11 U.S.C. §101 *et seq.*

6.    In light of the Firm's professional reputation and expertise, its ability to thoroughly provide the services described above, and the Debtor's need for these special counsel services, the Debtor desires to employ the Firm as special counsel on the terms described herein.

7.    The Firm has agreed to accept as compensation for its services such sums as may be allowed by this Court based upon time spent and services rendered, results achieved, difficulties encountered, and other appropriate factors.  Hourly rates for lawyers of the Firm vary from $300 - $375 for associate attorneys and $125 for paralegals and law clerks.   John Sheller, the attorney at the Firm primarily handling the case, will bill at the rate of $465 per hour.

8.    The Firm's engagement requires payment of a $25,000 retainer upon approval of this Application.  Once the retainer is exhausted, the Firm will seek additional fees from the estate through noticed fee applications.  The Firm will comply with the procedures set forth in the "Guide to Applications for Professional Compensation."  Except as described herein, no compensation will be paid by the Debtor to the Firm, except upon application to and approval by the Bankruptcy Court after notice and a hearing as required by 11 U.S.C  § 330.

10.    The Firm understands the provisions of Title 11, U.S.C. §§ 328, 329, 330 and Bankruptcy Rule 2016, which require, among other things, Court approval of employment of professionals, and Court authorization of any fees and costs that the Firm would receive from the estate after notice and hearing, as required under Rule 2002 of the Federal Rules of Bankruptcy Procedure.

11.    Pre-petition, Mr. Sheller worked with the Debtor on the State Court Action (bringing a successful motion for judgment notwithstanding the verdict).  Fees incurred pre-petition were partially paid, and the Firm has agreed to waive the remainder of any pre-petition claim as a term of its employment under this Application.

12.    The Firm has a pre-petition claim against the estate of the Debtor, which it agrees to waive upon approval of this Application.  The Firm's employment is not adverse to Debtor.  Other than as disclosed herein, the Firm has no other connection with the Debtor or the estate, any other insider of the Debtor or any related entities of the Debtor or principal of the Debtor or its attorneys or accountants.  The Firm does not have any connections to the Office of the United States Trustee, any persons employed in the Office of the United States Trustee or the Bankruptcy Judge.   The Debtor is informed and believes that the Firm does not

1  have any connection with the creditors or any other parties in interest or their attorneys or accountants, and

2  has no adverse interest to the estate and the matters upon which the Firm is to be engaged.

3     13.  To the best of the Debtor's knowledge and as set forth in the annexed Declaration of John

4  Sheller ("Sheller Declaration") attached hereto, Debtor believes that the Firm is a "disinterested person" within

5  the meaning of Section 101(14) of the Bankruptcy Code and that the Firm does not hold any interest adverse

6  to the estate.

7     14.  Other than as disclosed herein, the Firm is not a creditor, an equity security holder or an

8  insider of the Debtor.  The Firm is not and was not within two (2) years before the date of the filing of the

9  petition, a director, officer or an employee of the Debtor and does not have any interest materially adverse to

10  the interest of the estates or any of the class of creditors or equity security holders by reason of any direct or

11  indirect relationship to, connection, with, ore interest in, the Debtor for any other reason except as disclosed

12  herein.

13     15.  The Firm has not received, and has no plans to receive, any lien or other interest in property

14  of the Debtor or of a third party to secure payment of the Firm's fees.

15     16.  The Debtor believes it is necessary for reorganization or liquidation, and in the best interests

16  of the estate, for the Court to employ the Firm for the proposed services.

17     17.  Attached hereto as Exhibit "B" is the Notice of this Application to creditors with the attached

18  proof of service.

19     WHEREFORE, the Debtor respectfully requests that the Court approve the employment of Hinshaw &

20  Culbertson LLP as special counsel for the Debtor pursuant to the terms of the Application, effective as of 30

21  days prior to the filing of this Application.

22

23  Dated: July 20, 2015       LESLIE COHEN LAW PC

24

25

26            By: _____*/s/ Leslie A. Cohen*_____

27            Leslie A. Cohen
          Attorneys for Debtor and Debtor in Possession

28

APPLICATION OF DEBTOR AND DEBTOR IN POSSESSION TO EMPLOY

<u>DECLARATION OF JOHN SHELLER</u>

I, John W. Sheller, declare as follows:

     1.    I am over 18 years of age.  I am a partner at Hinshaw & Culbertson LLP (the "Firm").  My business address is 11601 Wilshire Blvd., Suite 800, Los Angeles, CA 90025.  I have personal knowledge of the matters set forth in this declaration, and if called as a witness, I could and would testify to those matters, except for those matters stated on information and believe, in which case I believe them to be true and correct.  I make this declaration in support of *Application Of Debtor And Debtor In Possession To Employ Hinshaw & Culbertson LLP As Special Counsel* ("Application"), effective 30 days prior to the filing of the Application.  Where terms below are undefined, they shall have the same meaning as in the Application.

     2.    Pre-petition the Debtor incurred a number of debts relating to certain state court litigation entitled *Watermill Flying Point Trust, etc v. Sheppard Concrete Construction, et al.* (case number BC422563) (the "State Court Action").  The services to be performed by the Firm include but are not limited to representing the Debtor in the State Court Action on prost-trial motions and in connection with the appeal of the State Court action, and working with and advising the Debtor and Debtor's bankruptcy counsel.  As such, the Debtor is seeking to employ the Firm as his special counsel pursuant to the engagement agreement, a true and correct copy of which is attached hereto as Exhibit A.

     3.    The Firm is well-regarded national law firm composed of attorneys who specialize in litigation, corporate and business law, environmental, labor and employment law, and professional liability defense, and is well qualified to represent Applicant.  All attorneys associated with the Firm who will render services in this case are duly admitted to practice law in the Courts of the State of California and in the United States District Court for the Central District of California.  In particular, I, as the individual at the Firm who will primarily handle this matter, have a wide range of experience in litigation (including professional liability and complex torts, as well as appeals) and attendant negotiations.  Additional information on the Firm can be found online at http://www.hinshawlaw.com.

     4.    The Firm has agreed to accept as compensation for its services such sums as may be allowed by this Court based upon time spent and services rendered, results achieved, difficulties encountered,

1  and other appropriate factors.  Hourly rates for lawyers of the Firm vary from $300 - $375 for associate and

2  $125 for paralegals and law clerks.  I will bill at the rate of $465 per hour.

3        5.      The Firm's engagement requires payment of a $25,000 retainer upon approval of this

4  Application.  Once the retainer is exhausted, the Firm will seek additional fees from the estate through noticed

5  fee applications. To the extent applicable, the Firm will comply with the procedures set forth in the "Guide to

6  Applications for Professional Compensation."  Except as described herein, no compensation will be paid by

7  the Debtor to the Firm, except upon application to and approval by the Bankruptcy Court after notice and a

8  hearing as required by 11 U.S.C § 330.

9        6.      I understand the provisions of Title 11, U.S.C. §§ 328, 329, 330 and Bankruptcy Rule 2016,

10  which require, among other things, Court approval of employment of professionals, and Court authorization of

11  any fees and costs that the Firm would receive from the estate after notice and hearing, as required under

12  Rule 2002 of the Federal Rules of Bankruptcy Procedure.

13        7.      Pre-petition, I have worked with the Debtor on the State Court Action (bringing a successful

14  motion for judgment notwithstanding the verdict).  Fees incurred pre-petition were partially paid, and the Firm

15  has agreed to waive the remainder of any pre-petition claim as a term of its employment under this

16  Application.

17        8.      The Firm has a pre-petition claim against the estate of the Debtor, which it agrees to waive

18  upon approval of this Application.  The Firm's employment is not adverse to Debtor.  Other than as disclosed

19  herein, the Firm has no other connection with the Debtor or the estate, any other insider of the Debtor or any

20  related entities of the Debtor or principal of the Debtor or its attorneys or accountants.  The Firm does not

21  have any connections to the Office of the United States Trustee, any persons employed in the Office of the

22  United States Trustee or the Bankruptcy Judge.  I am informed and believe that the Firm does not have any

23  connection with the creditors or any other parties in interest or their attorneys or accountants, and has no

24  adverse interest to the estate and the matters upon which the Firm is to be engaged.

25        9.      To the best of my information and belief, I believe and have informed the Debtor that the Firm

26  is a "disinterested person" within the meaning of Section 101(14) of the Bankruptcy Code and that the Firm

27  does not hold any interest adverse to the estate.

28

10.    The Firm is not a creditor, an equity security holder or an insider of the Debtor.  The Firm is not and was not within two (2) years before the date of the filing of the petition, a director, officer or an employee of the Debtor and does not have any interest materially adverse to the interest of the estates or any of the class of creditors or equity security holders by reason of any direct or indirect relationship to, connection, with, ore interest in, the Debtor for any other reason except as disclosed herein.

11.    The Firm has not received, and has no plans to receive, any lien or other interest in property of the Debtor or of a third party to secure payment of the Firm's fees.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 17th  day of July 2015, at Los Angeles, California.

John W. Sheller

APPLICATION OF DEBTOR AND DEBTOR IN POSSESSION TO EMPLOY

# **EXHIBIT A**

# HINSHAW
& CULBERTSON LLP

**ATTORNEYS AT LAW**

11601 Wilshire Boulevard
Suite 800
Los Angeles, CA 90025-1744

(310) 909-8000
(310) 909-8001 (fax)
www.hinshawlaw.com

July 15, 2015

## CONFIDENTIAL ATTORNEY-CLIENT
## PRIVILEGED COMMUNICATION

Fred M. Adelman
Kristen Whitney

Re:   *Watermill Flying Point Trust, etc. v. Sheppard Concrete Const., et al.*
      Case No. BC422563
      **NEW ENGAGEMENT**

Dear Mr. Adelman and Ms. Whitney:

This letter confirms the terms for a new engagement Agreement with the Watermill Trust and the Adelmans. The new engagement is required because of your Chapter 11 filing. This agreement supersedes the engagement letter of December 5, 2014.

California law[1] and the State Bar of California Rules of Professional Conduct require the Firm to set out in a writing that is signed by the Firm and the Clients, the terms and conditions on which the Firm will provide legal services and to have that writing be as clear and complete as possible. This is the reason for the formality and length of this letter.

1.   Commencement of Legal Services Agreement.

This Agreement is entered into by and between you, the Clients, as Debtor in Possession, on the one hand, and the Firm, on the other hand. This Agreement shall be effective on the thirtieth (30th) day prior to the filing of the Petition in the Bankruptcy Court to engage the Firm as your counsel.

2.   Scope of Services.

As you have entered into 11 bankruptcy, these are terms for special engagement of Hinshaw and Culberson in the action entitled Watermill Flying Point Trust, etc. v. Sheppard Concrete Construction, et al., Case No. *BC422563* (the "Action"). Hinshaw agrees to continue

---

[1]   *Business & Profession Code § 6148, et seq.*

*Building on the Barger Tradition*

Arizona  California  Florida  Illinois  Indiana  Massachusetts  Minnesota  Missouri  New York  Rhode Island  Wisconsin  London

313999948v1 0986003

Fred Adelman
Kristen Adelman
July 15, 2015
Page 2

to represent your interests in briefing and argument on post-trial motions. Hinshaw agrees to continue to represent your interests in connection with the appeals from the trial. We also agree to consult as requested by your bankruptcy counsel. We have not agreed to participate in any retrial of the case.

This engagement creates an attorney-client relationship between the Clients and the Firm limited to the Action and to no other matters, except as may be provided for in another Legal Services Agreement. The Firm is not the Clients' general counsel and the Firm has not accepted responsibility for any other matter other than that set forth in this Section 2. The Clients have not requested the Firm to prosecute any claim for affirmative relief or to represent the Clients in any other respect as to the claims alleged in the Action, nor has the Firm agreed to do so.

If at any time the Clients want legal representation or advice from the Firm on another matter, the Firm will do so only after there is a written agreement signed by the Clients and the Firm specifying such other matter(s) and the terms on which the Firm will undertake to represent the Clients with respect thereto.

3.    Clients' Identification.

The Clients are those persons and/or entities set forth in the introductory paragraph. The Clients agree that the Firm shall not be deemed to represent any of an entity clients' parents, subsidiaries or affiliates, if any, or an individual client's spouse, life partner, children, or heirs, if any, unless the Firm expressly agrees in writing to do so. The Firm's representation of a corporation, partnership, joint venture or other entity does not include the representation of its constituents, *i.e.* shareholders, officers, directors, partners, members, joint venturers or employees, except as provided in this Agreement.

4.    Legal Fees.

The firm waives outstanding fees accrued prior to April 16, 2015. The Firm's services will be charged at $465/hr. for John Sheller; $375/hr. for Wendy Chang and all other partners; $300/hr. for Daniel Sanchez-Behar and other associates; and $125/hr. for paralegals/law clerks. These rates will be billed at increments of $1/10^{th}$ of an hour. These rates are subject to periodic change after notice to you.

5.    Advance.

The following are conditions to the firm's offer of engagement:

1.    Payment of a $25,000 advance toward fees and costs to be paid immediately upon Bankruptcy Court approval of the Firm's engagement; and

2.    After the advance is exhausted, the firm agrees that it shall seek any additional fees from the estate by Petition to the Bankruptcy Court.

Fred Adelman
Kristen Adelman
July 15, 2015
Page 3

     Clients shall promptly set a hearing to obtain Bankruptcy Court approval of this engagement; and promptly petition the Court for approval of the Firm's fees and costs incurred over and above the advance.

6.    <u>Costs</u>.

     In addition to the Firm's fees, the Clients shall be obligated to pay for, in advance, any costs in excess of $500.00 and/or reimburse the Firm for costs and expenses reasonably incurred in performing the legal services pursuant to this engagement such as legal research (including, Lexis, Westlaw, Pacer and other on-line data sources) photocopying, long distance telephone calls, wires, faxes, messenger and delivery service, stenographic and videotape recording of court, deposition and other proceedings, travel (including mileage, parking, airfare (coach), lodging, meals and ground transportation), court costs, witness fees, charges by investigators, consultants and experts and such other reasonably necessary costs and expenses attendant to this engagement. Clients shall approve any costs exceeding $2,000.00.

7.    <u>Billing Procedures</u>.

     Invoices from the Firm to the Clients will be addressed as follows:

     Fred M. Adelman



8.    <u>Communication with Clients</u>.

     A solid attorney-client relationship is a two-way street. Lawyers need timely and complete cooperation and assistance from their clients, just as the clients need timely and complete cooperation and assistance from its lawyers. We will therefore keep the Clients informed of the progress of this matter as it progresses and will provide periodic written status reports to the Clients.

9.    <u>Firm Personnel</u>.

     John W. Sheller will be the attorney at the Firm primarily responsible for the representation of the Clients in the Action and will be lead trial counsel. However, the Clients are engaging the Firm as a whole and not one particular attorney. As and when necessary, the Firm will draw upon the talent and expertise of other professionals. The Firm reserves the right, however, to make assignments that, in its judgment, are necessary or preferable whatever may be the billing rate of that person.

Fred Adelman
Kristen Adelman
July 15, 2015
Page 4

10.   **No Guarantees of Fees, Costs or Results.**

Although the Firm may, from time to time for the Clients' convenience, furnish estimates of fees or costs that the Firm reasonably anticipates will be incurred, these estimates are subject to unforeseen circumstances and are by their nature are inexact. The Firm will not be bound by any estimates except to the extent expressly agreed to by the Firm and the Clients in writing. Any estimate or statement projecting fees, costs or expenses is just that – an estimate – and not a commitment to a flat or fixed fee, nor is it a guarantee.

The Firm has not made any prediction, guarantee or representation of any kind with regard to the outcome of this engagement, including a prediction on the resolution of the Action, or how long it will take or how much it will cost to achieve a resolution. Although we will give you our reasoned judgment and advice at all times, we cannot guarantee a particular outcome nor can we guarantee that the ultimate outcome will be consistent with the Clients' wishes.

11.   **Termination of Representation.**

The Clients have the right to terminate the attorney-client relationship with the Firm at any time and for any reason. The Clients may terminate the attorney-client relationship even if the Clients are delinquent in the payment of attorney's fees and costs, however, such termination shall not relieve the Clients of the obligation to pay for all services rendered and all costs or expenses paid or incurred on behalf of the Clients prior to our receipt of notice of termination or incurred subsequent to notice but, in our view, reasonably necessary to protect the Clients' interests.

To the extent permitted by the applicable rules of professional conduct, the Firm reserves the right to terminate the attorney-client relationship which is the subject of this Agreement. Similarly, and again to the extent permitted by the applicable rules of professional conduct, the Clients will remain liable for services for costs and disbursements incurred prior to our decision to withdraw or incurred subsequent to our decision but, in our view, reasonably necessary to protect the Clients' interests.

12.   **File Retention.**

Upon the conclusion of the Firm's representation of the Clients in this engagement, the Firm will deliver to the Clients, at the address set forth above, all or any portion of the file as requested by the Clients. Absent a specific request, or some express agreement in writing, the Firm will destroy any files remaining in its possession relating to this engagement and/or the Action, at any time in its discretion, upon the conclusion of the representation.

Fred Adelman
Kristen Adelman
July 15, 2015
Page 5

13.   Tender to All Potentially Available Insurance Coverage.

The Firm advises the Clients, if it has not already done so, to consider promptly tendering the claim(s) which is the subject of the Action to all potentially available insurance coverages and/or to consult with the Clients' insurance broker regarding any potentially available insurance coverage, including excess and umbrella policies, which may be applicable.

14.   Entire Agreement.

This letter represents the entire agreement between the parties and no party is relying or is entitled to rely on any representations not expressly contained herein.  In addition, no changes may be made to this Agreement or the terms of this attorney-client engagement without the written consent of all of the parties hereto.

15.   Execution of this Agreement.

If the above accurately reflects our Agreement, please return a signed copy of this letter to the undersigned.  However, should you have any questions or concerns regarding the contents of this Agreement, its meaning and/or its implications, please do not sign the Agreement until those questions or concerns have been fully addressed and resolved to your satisfaction by the Firm and/or independent counsel of your own choosing.

By signing this Agreement the Clients acknowledge that the Clients have read and understand this Agreement.  As this is a new Agreement superseding the former Agreement, I recommend you consult with independent counsel before signing.

Very truly yours,

HINSHAW & CULBERTSON LLP

John W. Sheller
jsheller@hinshawlaw.com

JWS/jpr

**AGREED AND ACCEPTED.**

Dated:___7/16/15___

By:_____

Debtor in Possession
Fred M. Adelman, as individual and Trustee of
the Watermill Flying Point Trust

31599948v1 0966605

Fred Adelman
Kristen Adelman
July 15, 2015
Page 6

**AGREED AND ACCEPTED.**

Dated: _July 15, 2015_

By: _Kristen Whitney_
Kristen Whitney

**<u>EXHIBIT B</u>**



Leslie A. Cohen, Esq. (SBN: 93698)
        leslie@lesliecohenlaw.com
J'aime K. Williams Esq. (SBN 261148)
        jaime@lesliecohenlaw.com
Brian A. Link, Esq. (SBN 275683)
        brian@lesliecohenlaw.com
LESLIE COHEN LAW, PC
506 Santa Monica Blvd., Suite 200
Santa Monica, CA 90401
Telephone:  (310) 394-5900
Facsimile:  (310) 394-9280

Attorneys for Debtor-in-Possession

### UNITED STATES BANKRUPTCY COURT

### CENTRAL DISTRICT OF CALIFORNIA

### LOS ANGELES DIVISION

*In re*

FRED MATTHEW ADELMAN

                    Debtor and
                    Debtor in Possession

Case No.  2:15-bk-15952-DS

Chapter 11

**NOTICE OF APPLICATION OF DEBTOR AND DEBTOR IN POSSESSION TO EMPLOY HINSHAW & CULBERTSON LLP AS SPECIAL COUNSEL**

Date: August 12, 2015
Time: 2:00 p.m.
Courtroom: 1339

**TO ALL INTERESTED PARTIES:**

        **PLEASE TAKE NOTICE THAT** Fred Adelman, the individual debtor and debtor-in-possession in the above-captioned Chapter 11 case ("Applicant" or "Debtor"), has filed an application to employ Hinshaw & Culbertson LLP (the "Firm" or "Hinshaw") as special counsel for the Debtor (the "Application") effective as of 30 days prior to the filing of the Application.

        **PLEASE TAKE FURTHER NOTICE** that a hearing will be held on the Application before the Honorable Deborah Saltzman, on August 12, 2015 at 2:00 p.m. in Courtroom "1339" of the U.S. Bankruptcy Court located at 255 E. Temple St., Los Angeles, CA 90012.

---

NOTICE OF APPLICATION OF DEBTOR AND DEBTOR IN POSSESSION TO EMPLOY SPECIAL COUNSEL

1       **PLEASE TAKE FURTHER NOTICE** that pursuant to Local Bankruptcy Rule (LBR) 9013-1(f), any

2   party objecting to the relief sought in the Application must file written objections with the Bankruptcy Court and

3   must serve such objections upon counsel listed above and the Office of the United States Trustee, at the

4   Office of the U.S. Trustee, 915 Wilshire Blvd., Suite 1850, Los Angeles, CA 90017, not later than 14 days

5   before the date to set for hearing.

6       **PLEASE TAKE FURTHER NOTICE** that pursuant to Local Bankruptcy Rule 9013-1(h) the failure to

7   timely file and serve a written opposition may be deemed by the court to be consent to the Application.

8       The Application is based upon the following facts:

9       1.    Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States

10   Bankruptcy Code ("Code") on April 16, 2015 (the "Petition Date") commencing this reorganization case in the

11   United States Bankruptcy Court for the Central District of California (the "Bankruptcy Court" or "Court").

12       2.    Applicant manages and operates his estate as a debtor-in-possession pursuant to Sections

13   1107 and 1108 of the Bankruptcy Code.  As of this filing, no trustee or examiner has been appointed in

14   Debtor's case.

15       3.    Applicant proposes to employ the Firm as special counsel at the expense of the estate.

16   Pursuant to 11 U.S.C. § 327(e), Applicant proposes to employ the Firm as special counsel on the terms set

17   forth in the Application.

18       4.    Pre-petition the Debtor incurred a number of debts relating to certain state court litigation

19   entitled *Watermill Flying Point Trust, etc v. Sheppard Concrete Construction, et al.* (case number BC422563)

20   (the "State Court Action").  The Debtor believes it is necessary and in the best interest of the estates to

21   employ special counsel to perform specific tasks necessary to navigate the State Court Action, with a view

22   towards minimizing liabilities and maximizing recoveries to creditors in this case.  The services to be

23   performed by the Firm include but are not limited to representing the Debtor in the State Court Action on post-

24   trial motions and in connection with the appeal of the State Court action, and working with and advising the

25   Debtor and Debtor's bankruptcy counsel.  As such, the Debtor is seeking to employ the Firm as his special

26   counsel pursuant to the engagement agreement attached to the Application.

27       5.    The Firm is well-regarded national law firm composed of attorneys who specialize in litigation,

28   corporate and business law, environmental, labor and employment law, and professional liability defense, and

is well qualified to represent Applicant.  All attorneys associated with the Firm who will render services in this case are duly admitted to practice law in the Courts of the State of California and in the United States District Court for the Central District of California.  In particular, one of the Firm's partners, John W. Sheller, the individual at the Firm who will primarily handle this matter, has a wide range of experience in litigation (including professional liability and complex torts, as well as appeals) and attendant negotiations.  Additional information on the Firm can be found online at http://www.hinshawlaw.com.

6.      In light of the Firm's professional reputation and expertise, its ability to thoroughly provide the services described above, and the Debtor's need for these special counsel services, the Debtor desires to employ the Firm as special counsel on the terms described in the Application.

7.      The Firm has agreed to accept as compensation for its services such sums as may be allowed by this Court based upon time spent and services rendered, results achieved, difficulties encountered, and other appropriate factors.  Hourly rates for lawyers of the Firm vary from $300 - $375 for associate attorneys and $125 for paralegals and law clerks.   John Sheller, the attorney at the Firm primarily handling the case, will bill at the rate of $465 per hour.

8.      The Firm's engagement requires payment of a $25,000 retainer upon approval of the Application.  Once the retainer is exhausted, the Firm will seek additional fees from the estate through noticed fee applications.  The Firm will comply with the procedures set forth in the "Guide to Applications for Professional Compensation."  Except as described in the Application, no compensation will be paid by the Debtor to the Firm, except upon application to and approval by the Bankruptcy Court after notice and a hearing as required by 11 U.S.C  § 330.

9.      The Firm understands the provisions of Title 11, U.S.C. §§ 328, 329, 330 and Bankruptcy Rule 2016, which require, among other things, Court approval of employment of professionals, and Court authorization of any fees and costs that the Firm would receive from the estate after notice and hearing, as required under Rule 2002 of the Federal Rules of Bankruptcy Procedure.

10.      Pre-petition, Mr. Sheller worked with the Debtor on the State Court Action (bringing a successful motion for judgment notwithstanding the verdict).  Fees incurred pre-petition were partially paid, and the Firm has agreed to waive the remainder of any pre-petition claim as a term of its employment under the Application.

11.    The Firm has a pre-petition claim against the estate of the Debtor, which it agrees to waive upon approval of the Application.  The Firm's employment is not adverse to Debtor.  Other than as disclosed herein, the Firm has no other connection with the Debtor or the estate, any other insider of the Debtor or any related entities of the Debtor or principal of the Debtor or its attorneys or accountants.  The Firm does not have any connections to the Office of the United States Trustee, any persons employed in the Office of the United States Trustee or the Bankruptcy Judge.   The Debtor is informed and believes that the Firm does not have any connection with the creditors or any other parties in interest or their attorneys or accountants, and has no adverse interest to the estate and the matters upon which the Firm is to be engaged.

12.    The Firm is a "disinterested person" within the meaning of Section 101(14) of the Bankruptcy Code and that the Firm does not hold any interest adverse to the estates.

13.    Other than as disclosed, the Firm is not a creditor, an equity security holder or an insider of the Debtor.  The Firm is not and was not within two (2) years before the date of the filing of the petition, a director, officer or an employee of the Debtor and does not have any interest materially adverse to the interest of the estates or any of the class of creditors or equity security holders by reason of any direct or indirect relationship to, connection, with, ore interest in, the Debtor for any other reason except as disclosed in the Application.

14.    The Firm (a) is not and was not a creditor, an equity security holder or an insider of the Debtor; (b) is not and was not an investment banker for any outstanding security of the Debtor; (c) is not and was not, within three (3) years before the date of the filing of the banker in connection with the offer, sale or issuance of any security of the Debtor; (d) is not and was not, within two (2) years before the date of the filing of the petition herein, a director, officer or employee of the Debtor or of any investment banker for any security of the Debtor; (e) does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor or an investment banker for any security of the Debtor, or for any other reason; and (f) does not have any pre-petition claims against the Debtor, and has not received, and has no present plans to receive, any lien or other interest in property of the Debtor or of a third party to secure payment of the Firm's fees.

1    15.    A copy of the Application is available upon request to LESLIE COHEN LAW, PC, 506 Santa

2  Monica Bl., Ste 200, Santa Monica, CA 90401 Attn:  Brian Link,  Tel 310-394-5900, or is also on file with Clerk

3  of the Bankruptcy Court and may be viewed and/or photocopied during regular business hours Monday

4  through Friday.

5  **PLEASE MARK YOUR CALENDARS ACCORDINGLY.**

6  Dated: July 20, 2015                                    LESLIE COHEN LAW, PC

7

8                                              By    _/s/ Leslie A. Cohen_____
                                                    LESLIE A. COHEN
9                                                   Attorneys for Debtor

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
506 Santa Monica Blvd., Suite 200, Santa Monica, CA 90401

A true and correct copy of the foregoing document entitled (*specify*): NOTICE OF APPLICATION OF DEBTOR AND DEBTOR IN POSSESSION TO EMPLOY HINSHAW & CULBERTSON LLP AS SPECIAL COUNSEL will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) ___7/20/15___, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Raymond H Aver    ray@averlaw.com
Reagan E Boyce    rboyce@ebg-law.com, ecf@ebg-law.com
Leslie A Cohen    leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com;Brian@lesliecohenlaw.com
Todd S Garan    ch11ecf@aldridgepite.com, TSG@ecf.inforuptcy.com;tgaran@aldridgepite.com
Marian Garza    ecfnotices@ascensioncapitalgroup.com
Kenneth G Lau    kenneth.g.lau@usdoj.gov
Nancy L Lee    bknotice@rcolegal.com, nlee@rcolegal.com;RCO@ecf.inforuptcy.com
Noreen A Madoyan    Noreen@MarguliesFaithLaw.com,
Helen@MarguliesFaithlaw.com;Victoria@MarguliesFaithlaw.com;Brian@MarguliesFaithlaw.com
Craig G Margulies    Craig@MarguliesFaithlaw.com,
Victoria@MarguliesFaithlaw.com;Brian@MarguliesFaithlaw.com
Charles Shamash    cs@locs.com, generalbox@locs.com
Ramesh Singh    claims@recoverycorp.com
United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
Hatty K Yip    hatty.yip@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _7/20/15_____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*)_____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 7/20/15 | Brian Link | /s/ Brian Link |
|---------|------------|----------------|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

# SERVICE LIST

**BY MAIL:**

Hon. Deborah Saltzman
U.S. Bankruptcy Court
255 E. Temple St.
Los Angeles, CA 90012

Office of United States Trustee
915 Wilshire Blvd., Suite 1850
Los Angeles, CA 90017

Fred Adelman
149 S. Barrington Ave. # 775
Los Angeles, CA 90049

John Sheller
Hinshaw & Culbertson LLP
11601 Wilshire Blvd., Suite 800
Los Angeles, CA 90025

Doug Jarvis
Esquire Deposition Services
402 W. Broadway, Suite 1600
San Diego, CA 92101

William Hefner, AIA
5820 Wilshire Boulevard, Suite 500
Los Angeles, CA 90036

Jeff Belote
One Embarcadero Center Suite 400
San Francisco, CA 94111

Internal Revenue Service P.O. Box 7346
Philadelphia, PA 19101-7346

Knapp Petersen Clarke
Attn: Andrew Jardini
550 N. Brand Blvd., Suite 1500
Glendale, CA 91203

Patrick O. Shires
330 Village Lane
Los Gatos, CA 95030

Bruce Givner
12100 Wilshire Blvd
Suite 445
Los Angeles, CA 90025

Rollins C. Syfan, P.E.
Taylor & Syfan
684 Clarion Court
San Luis Obispo, CA 93401

Blaine Wanke
911 Garrido Drive
Camarillo, CA 93010

Kruger Lighting Design
Attn: John Kruger
10120 National Blvd.
Los Angeles, CA 90034

Don Halvorson
1987 Willow Tree Court
Thousand Oaks, CA 91362

Xact Data Discovery
5800 Foxridge Drive Suite 406
Mission, KS 66202
Adam Grant
6345 Balboa Blvd., Suite 300
Encino, CA 91316

Lori Hepler
44 Montgomery Street, Suite 400
San Francisco, CA 94104

Shane Imburgia
3508 Downing Avenue
Glendale, C A 91208

Jerry Holland PE
4155 Lawrence Highway
Suite 8180
Lilburn, GA 90047

ADR Services Inc.
1900 Avenue of the Stars Suite 250
Los Angeles, CA 90067

Craig DeWitt, Ph.D., P.E.,
Principal
104 Vista Terrace,
Clemson, CA 29631

Edward Faeder
2243 Feather Rock Road
Diamond Bar, CA 91765

Robert Eitel
1611 S. La Cienega Boulevard
Los Angeles, CA 90035

Ronald Arrache
Ronald Arrache Construction
Company, Inc.
c/o Law Offices of Aaron Booth
445 S. Figueroa Street, Suite 2210
Los Angeles, CA 90071

Los Angeles County Tax Collector
P. O. Box 54110
Los Angeles, CA 90054-0110

Union Bank
PO 856000
Mail Code 2-36d-224
San Diego, CA 92186

Wells Fargo Bank
PO box 144111
Des Moines, IA 50306-3411
Mercedes Benz
P.O. Box 5209
Carol Stream, IL 60197-5209

BMW Financial Services
PO Box 78966
Phoenix, AZ 85062-8066

J.P. Morgan Chase
Keesal Young
400 Oceangate
Long Beach, C A 90802

Raymond H. Aver
Law Offices of Raymond H. Aver
A Professional Corporation
1950 Sawtelle Blvd., Ste 120
Los Angeles, California  90025

Special Notice:
Attn: BMW Bank of North America
Department
Ascension Capital Group
Account: XXXXX4731
P.O. Box 201347
Arlington, TX 76006

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

506 Santa Monica Blvd., Suite 200, Santa Monica, CA 90401

A true and correct copy of the foregoing document entitled (*specify*): **APPLICATION OF DEBTOR AND DEBTOR IN POSSESSION TO EMPLOY HINSHAW & CULBERTSON LLP AS SPECIAL COUNSEL; DECLARATION OF JOHN SHELLER** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 7/20/15    , I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Raymond H Aver    ray@averlaw.com
Reagan E Boyce    rboyce@ebg-law.com, ecf@ebg-law.com
Leslie A Cohen    leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com;Brian@lesliecohenlaw.com
Todd S Garan    ch11ecf@aldridgepite.com, TSG@ecf.inforuptcy.com;tgaran@aldridgepite.com
Marian Garza    ecfnotices@ascensioncapitalgroup.com
Kenneth G Lau    kenneth.g.lau@usdoj.gov
Nancy L Lee    bknotice@rcolegal.com, nlee@rcolegal.com;RCO@ecf.inforuptcy.com
Noreen A Madoyan    Noreen@MarguliesFaithLaw.com,
Helen@MarguliesFaithlaw.com;Victoria@MarguliesFaithlaw.com;Brian@MarguliesFaithlaw.com
Craig G Margulies    Craig@MarguliesFaithlaw.com, Victoria@MarguliesFaithlaw.com;Brian@MarguliesFaithlaw.com
Charles Shamash    cs@locs.com, generalbox@locs.com
Ramesh Singh    claims@recoverycorp.com
United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
Hatty K Yip    hatty.yip@usdoj.gov                ☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*)    7/20/15    , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 7/20/15 | Brian Link | /s/ Brian Link |
|---|---|---|
| Date | Printed Name | Signature |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**

## SERVICE LIST

**By Mail:**

Hon. Deborah Saltzman
U.S. Bankruptcy Court
255 E. Temple Street
Los Angeles, CA 90012

Fred Adelman
149 S. Barrington Ave. # 775
Los Angeles, CA 90049

Office of United States Trustee
915 Wilshire Blvd., Suite 1850
Los Angeles, CA 90017

John Sheller
Hinshaw & Culbertson LLP
11601 Wilshire Blvd., Suite 800
Los Angeles, CA 90025

Special Notice:
Attn: BMW Bank of North America Department
Ascension Capital Group
Account: XXXXX4731
P.O. Box 201347
Arlington, TX 76006

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                    **F 9013-3.1.PROOF.SERVICE**