FILED & ENTERED

NOV 21 2018

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY bakchell DEPUTY CLERK

**NOT FOR PUBLICATION**

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>FRED MATTHEW ADELMAN,<br><br>                         Debtor. | Case No. 2:15-bk-15952-RK<br><br>Chapter 7<br><br>**ORDER DENYING DEBTOR'S AMENDED EMERGENCY MOTION FOR A MINIMUM 14 DAY CONTINUANCE OF THE HEARING DATE AND RESPONSIVE PLEADINGS OF THE TRUSTEE'S MOTION OBJECTING TO DEBTOR'S CLAIMED EXEMPTIONS** |

      Pending before this court is the Amended Emergency Motion for a Minimum 14 Day Continuance of the Hearing Date and Responsive Pleadings of the Trustee's Motion Objecting to Debtor's Claimed Exemptions ("Motion"), filed on November 19, 2018 (Docket Number 1306) on behalf of Debtor Fred M. Adelman who represents himself in the bankruptcy case. The Motion is signed by "Kristen Whitney for Fred Adelman" with the declaration of Ms. Whitney not executed under penalty of perjury as required by 28 U.S.C. §1746(2), purportedly stating the grounds for the Motion. The Motion otherwise did not include any supporting evidence as required by Local Bankruptcy Rule 9013-1(i) and (m).

      The Chapter 7 Trustee, Wesley H. Avery, filed an Opposition to Fred M. Adelman's Emergency Motion for Continuance of the Hearing Date and Responsive

-1-

Pleadings of the Trustee's Motion Objecting to Debtor's Claimed Personal Property Exemptions ("opposition") (Docket No. 1307), on November 19, 2018.

Having considered the Motion and the Opposition, the court denies the motion without prejudice for the following reasons:

1. The Motion purportedly on behalf of Debtor failed to show sufficient cause to continue the hearing date and deadline for responsive pleadings under Local Bankruptcy Rule 9013-1(m).  The Motion is not supported by a declaration of a competent witness under penalty of perjury attesting to the necessity for the continuance as required by Local Bankruptcy Rule 9013-1(m) and 28 U.S.C. §1746(2).  The Motion is not otherwise supported by competent and admissible evidence as required by Local Bankruptcy Rule 9013-1(i)

2. The Motion was not signed by Debtor as a self-represented party as required by the rules of this court.  As a self-represented party, every time Debtor appears in the case, such as filing a pleading, such as the motion, Debtor must do it himself by signing it himself as required by Local Bankruptcy Rule 9011-2(b), which states: "Any individual representing himself or herself without an attorney must personally appear for such purpose."  See also, Local Bankruptcy Rule 2090-1 (recognizing that only attorneys at law admitted to practice before the United States District Court for the Central District of California may practice in this court, that is, represent another person before the court).  Ms. Whitney, who does not represent herself in the Motion to be an attorney at law admitted to practice in this court and is not otherwise shown as such, may not file documents and thus appear and represent Debtor in this bankruptcy case.  *See* Declaration of Chad V. Haes in support of the Opposition, ¶18 (attesting that he checked the State Bar's website and could not find a listing for her as a licensed attorney).  (An exception may exist for a guardian ad litem or a next friend of an infant or incompetent person to represent such person under Federal Rule of

Bankruptcy Procedure 1004.1, but there is no showing that this rule applies to the circumstances here).  Because Debtor as a self-represented party did not sign the Motion, the court cannot recognize it as a properly executed motion under the rules of the court.  There is no explanation under a declaration of penalty of perjury explaining why Debtor himself did not sign the application and needed someone to act on his behalf, which might be appropriate under Federal Rule of Bankruptcy Procedure 1004.1 if Debtor is an infant or incompetent person.  Ms. Whitney states in the Motion that Debtor has "profound dementia" and "is unable to represent himself."  Motion at 3.  However, there is no evidence, such as a doctor's medical opinion in a declaration under penalty of perjury, to support Ms. Whitney's factual assertions, and her opinion as a lay person is not competent and admissible evidence of her assertions because she has not demonstrated her qualifications to render such an expert medical opinion.  Federal Rules of Evidence 701 and 702.

IT IS SO ORDERED.

###

Date: November 21, 2018

_____
Robert Kwan
United States Bankruptcy Judge