FILED & ENTERED

DEC 17 2018

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY bakchell  DEPUTY CLERK

**NOT FOR PUBLICATION**

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>FRED MATTHEW ADELMAN,<br><br>                    Debtor. | Case No. 2:15-bk-15952-RK<br><br>Chapter 7<br><br>**SEPARATE STATEMENT OF DECISION ON TRUSTEE'S MOTION OBJECTING TO DEBTOR'S CLAIMED PERSONAL PROPERTY EXEMPTIONS**<br><br>Date:    December 4, 2018<br>Time:   2:30 p.m.<br>Courtroom:  1675 |

By separate order, the court grants the motion of Wesley H. Avery, Chapter 7 Trustee, objecting to the personal property exemptions of Debtor Fred Matthew Adelman, which was heard before the court on December 4, 2018.  D. Edward Hays, of the law firm of Marshack Hays LLP, appeared for the Trustee.  No other appearances were made at the hearing.  The court issues this separate statement of decision on the motion to set forth its reasons for granting the motion, which were stated originally in its tentative rulings, but reformulates the rulings because the court had revised its tentative ruling, deletes the superseded part of the ruling and corrects a typographical error in the

the tentative ruling.

 First, with respect to the opposition to Trustee's motion filed by Debtor's spouse, Kristen Whitney, purported on debtor's behalf, the court notes that Debtor as a self-represented party must appear on his own behalf pursuant to Local Bankruptcy Rule 9011-2, and Ms. Whitney, who is not an attorney at law admitted to practice before the federal courts in the Central District of California, may not represent him.  To the extent that Ms. Whitney asserts that Debtor is incompetent to represent himself, she cannot do it for him, and she has not been appointed by the court to serve as a guardian ad litem for him in accordance with Federal Rule of Bankruptcy Procedure 1004.1.

 On the merits of the motion, the court will grant the motion for the reasons stated in the moving papers.  Debtor has not sufficiently described the particular assets claimed as exempt in order for the trustee to investigate the exemptions either on his Schedule C to his bankruptcy petition or in his opposing papers.  11 U.S.C. 522(l); FRBP 4003(a).  "The property must be set forth in sufficient detail to permit the bankruptcy trustee to investigate the exemptions."  2 March, Ahart and Shapiro, *California Practice Guide: Bankruptcy*, ¶ 7:210 at 7-27 - 7-28 (2017), *citing Payne v. Wood,* 775 F.2d 202, 207 (7th Cir. 1985).  The trustee has shown that there is no such property that could be claimed as exempt that meets the description of paid earnings or retirement accounts that qualify for the claimed exemptions under California Code of Civil Procedure Sections 704.070 and 704.115 in light of debtor's final account filed at the time of conversion of the case to Chapter 7, and debtor has not sufficiently identified in his Schedule C or his opposition, or otherwise shown that there is property that could so qualify.  Moreover, the court agrees with trustee that 11 U.S.C. 522(n) is not a proper statutory basis for an exemption as claimed by debtor.  Thus, debtor has not met his burden of proving his entitlement to the claimed exemptions under California law for his

///

claimed California exemptions. *In re Diaz*, 547 B.R. 329, 337 (9th Cir. BAP 2016), citing California Code of Civil Procedure §§ 703.580(b) and 704.780(a).

IT IS SO ORDERED.

###

Date: December 17, 2018

_____
Robert Kwan
United States Bankruptcy Judge